## Case No. 7,843.

In re KIRKLAND et al.

[2 Hughes, 208; [1] 14 N. B. R. 139.]

Circuit Court, D. Maryland. Jan. 9, 1875.

### CUSTOMS DUTIES—PRIORITY.

If a party purchases an imported article, duty free, and is subsequently compelled to pay the duty in order to get possession of the article, he is entitled to be subrogated to the priority of the United States.

[Appeal from the district court of the United States for the district of Maryland.]

On the 7th day of September, 1872, D. J. Foley, Bro. & Co. purchased from the bankrupts one hundred and forty-five hogsheads of sugar imported by them from St. John's, Porto Rico, in the Mary H. Stockholm, and then in the custody of the United States in bond, paying therefor the full market price and value of the sugar as if duty paid, the

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

bankrupts contracting and engaging on their part to pay the duty so that the sugar might be taken out of bond by the purchasers, discharged of all claims of the United States. The bankrupts paid the duty upon twenty hogsheads of the sugar, amounting to five hundred and seventy-one dollars and fifty cents in gold, leaving due and unpaid the sum of three thousand three hundred and seventy-four dollars and thirty-nine cents in gold, and then failed. On the 21st of September, 1872, the purchasers bought gold at a premium of thirteen and seven-eighths, and paid this balance. The purchasers at that time were indebted to the bankrupts for a balance of the purchase-money of the sugar in the sum of seven hundred, and fifty-seven dollars and three cents, and for storage in the sum of two hundred and thirty-eight dollars and seventy-three cents. When these sums were deducted from the amount paid by them for duty on the sugar, their claim against the bankrupts was reduced to two thousand eight hundred and forty-six dollars and eighty-two cents. When the sugar was entered for warehousing the bankrupts gave a bond to the United States, with John C. Bridges and W. D. Schurtz as sureties. When the duty was paid by the purchasers, the sureties had both failed, but their estates were largely in excess of the duty so paid by the purchasers. Kirkland, Chase & Co. subsequently became bankrupts, and the purchasers proved their claim and then filed a petition in the district court, claiming that by the enforced payment of the duty they became subrogated and substituted to the priority of the United States, and were entitled to stand in the stead of the sureties and with their rights as well as in the stead of the government, and praying that the assignees might be directed to pay the claim with the same priority as if the duties were still due and payable to the United States, instead of being paid by them. The assignees answered the petition, and the district court on hearing, directed that they should pay to the purchasers the sum of two thousand eight hundred and forty-six dollars and eighty-two cents, with interest thereon at six per cent., from September 21st, 1872, and the cost of the proceeding. The assignees thereupon took the case to the circuit court.

Brown & Brune, for assignees.
Wallis & Thomas, for petitioners.

BOND, Circuit Judge. The order of the district court is hereby affirmed, and the assignees are directed to pay to the petitioners the sum of two thousand eight hundred and forty-six dollars and eighty-two cents with interest thereon, at six per cent., from the 21st day of September, 1872, together with the cost of the proceeding in the district court and of this appeal.